UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

E³ BIOFUELS, LLC,
    Plaintiff,

vs.

BIOTHANE CORPORATION and
PERENNIAL ENERGY, INC.,
    Defendants.

Case No. 1:12-mc-76

Spiegel, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following a telephone discovery conference held on July 3, 2013, on petitioner Perennial Energy, Inc's (PEI) renewed motion to compel responses to a subpoena issued to non-party Katzen International, Inc. (Katzen) (Doc. 33).

PEI and Katzen agreed to engage in a Court-assisted discovery conference to resolve the outstanding discovery issues in this case. For the reasons stated at the conference and given the agreements reached by the parties, the motion to compel (Doc. 33) is **DENIED** as moot. PEI and Katzen have agreed to proceed as follows:

1. <u>Proposed protective order</u>

PEI and Katzen dispute the terms and scope of the proposed protective order governing the exchange of confidential information in this case. PEI and Katzen are ordered to submit by July 12, 2013 any briefs or information they wish the Court to consider on the terms and scope of any proposed protective order. The Court will issue a decision on the proposed protective order by July 19, 2013.

2. <u>Search for electronic information subpoenaed by PEI from nonparty Katzen</u>

    a. PEI and Katzen have agreed upon third-party contractor (Salix) to search and copy pertinent records from Katzen's computer files (pursuant to the subpoena) at PEI's expense. This will involve a multi-step process:

(1) Salix, along with Katzen's Information Technology (IT) expert, will perform an initial search according to search terms specified by PEI.

(2) Salix will process the information and advise PEI on the results of the initial culling of information from Katzen's computer systems.

(3) PEI will determine whether to narrow its search terms to pare down the universe of documents/electronic information; Salix will then cull the documents according to the new terms.

(4) Once PEI has completed its refining process and obtained the final set of documents, PEI shall notify Katzen of the results.

(5) Katzen will then review the documents for purposes of confidentiality designations, attorney client privilege, and work product.

(6) Katzen will then turn over the documents/electronic information, along with a privilege log if appropriate, to PEI.

b. Counsel for PEI agreed to investigate whether PEI would agree to compensate Katzen's IT expert up front for his participation in the Salix search process, which the parties estimate to be less than $5,000.00. In an effort to economize, Katzen agreed that compensation for its IT expert's involvement in the Salix search would be proportional to the time spent and billed by Salix on such search. PEI and Katzen are directed to contact the undersigned for a telephone conference in the event the parties are unable to agree on compensation of Katzen's IT expert as set forth in this paragraph. Payment of Katzen's IT expert up front by PEI does not limit PEI's right to contest the reasonableness of such fees at the conclusion of this case.

3. Deposition subpoena

PEI issued a subpoena duces tecum that commands the attendance of Katzen International, Inc.'s Rule 30(b)(6) representative to testify at a deposition to be taken on August 14, 2013. PEI stated that it intends to proceed with the Rule 30(b)(6) deposition even though the documents being obtained through the Salix search may not be produced by the date of the deposition. Katzen has identified Phillip Madson as its Rule 30(b)(6) representative for purposes of the deposition. While PEI and Katzen initially disputed the proper scope of the subpoena duces

tecum, they nevertheless have agreed to go forward with the deposition with the proviso that the Court will be available by telephone to resolve any disputes that may arise on any particular areas of inquiry. PEI was encouraged to provide clarification to Katzen on particular areas of inquiry that PEI may want Madson to further investigate, including by consulting with others in the company. The Court expects both parties to proceed in good faith and that Mr. Madson will be adequately prepared as a Rule 30(b)(6) witness. Finally, any issue on the payment of witness fees should be briefed and submitted to the Court by July 12, 2013.

**IT IS SO ORDERED.**

Date: 7/3/13

Karen L. Litkovitz
United States Magistrate Judge