# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

E³ BIOFUELS, LLC,
      Plaintiff,

      v.

BIOTHANE CORPORATION and
PERENNIAL ENERGY, INC.,
      Defendants.

Case No. 1:12-mc-76

Spiegel, J.
Litkovitz, M.J.

**PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 26(c) and 45, and for good cause shown for entry of this Protective Order,

IT IS HEREBY ORDERED THAT:

1. As used in this Protective Order:

a. "Action" means the above-captioned action pending in the United States District Court for the Southern District of Ohio, Western Division;

b. "Confidential Material" means Discovery Material designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only" by non-party KATZEN International, Inc. ("KATZEN");

c. "Designating Person" means non-party KATZEN, who designates Confidential Material in this matter pursuant to this Protective Order;

d. "Discovering Counsel" means counsel for the Discovering Party, Perennial Energy, Inc. ("Perennial"), in this Action;

e. "Discovering Party" means Perennial, to whom Discovery Material is being provided, produced, or made available for inspection or copying by KATZEN in this Action.

f. "Discovery Material" means any document or tangible thing or part of a document,

testimony, or information in any form or medium whatsoever, including, without limitation, any written, printed, or electronic matter provided, produced, or made available for inspection and copying by KATZEN before or after the date of this Protective Order;

g. "Party" means Defendant Perennial or non-party KATZEN;

h. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity, whether a Party or not;

i. "Producing Person" means KATZEN, who provides, produces, or makes available for inspection Discovery Material as a result of this Action;

j. "Trade Secrets" shall be given the same meaning the term would be given under Federal Rule of Civil Procedure 26(c) and Ohio law.

2. This Protective Order shall govern all Discovery Material provided or produced by KATZEN as a result of this Action.

3. All Discovery Materials received from KATZEN in this Action shall be used solely by Perennial and solely for the purpose of the prosecution or defense of the case pending in Nebraska captioned *E3 Biofuels, LLC v. Biothane, LLC, et al.*, United States District Court for the District of Nebraska, Case No. 8:11-CV-00044, and not for any business or other purpose. All Discovery Material designated by KATZEN as Confidential Material in this Action or otherwise deemed confidential pursuant to this Protective Order shall not be disclosed by Perennial or its legal counsel to any Person except as provided herein.

4. KATZEN may designate as "CONFIDENTIAL" any information, document, or thing that KATZEN reasonably and in good faith believes to contain confidential information within the

meaning of Fed. R. Civ. P. 26(c)(1)(g)[1] used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

5. KATZEN may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" such materials as KATZEN reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of engineering designs or drawings; technical, business, and research information regarding future engineering designs or drawings; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; and such other documents, information, or materials that relate to other proprietary information that KATZEN reasonably believes is of such nature and character that disclosure of such information would be harmful to KATZEN.

6. Discovery Materials designated "Confidential" pursuant to paragraph 4 or "Highly Confidential - Attorneys' Eyes Only" pursuant to paragraph 5 of this Protective Order are subject to the provisions of this Protective Order, shall be held strictly confidential, and shall be protected, used, handled, and disposed of in accordance with the provisions of this Protective Order.

7. KATZEN may designate the Discovery Material as Confidential Material for protection under this Protective Order by one of the following methods:

    a. By marking any documentary Discovery Material as "Confidential" or "Highly

---

[1] Fed. R. Civ. P. 26(c)(1)(g) provides that the Court may, for good cause shown, issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

Confidential - Attorneys' Eyes Only" prior to its production. Such Confidential Material shall be marked by KATZEN with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  In cases where Discovery Material to be produced is in a form other than paper, including, without limitation, audiotape, videotape, computer tape, computer card, computer disc, compact disc, microfilm or microfiche, KATZEN shall affix to the Discovery Material itself or to its container a stamp, sticker, or other clear designation with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."  All such information contained therein shall constitute Confidential Material;

b. By marking any documents as Confidential Material prior to making such documents available for inspection by the Discovering Party or by identifying such Confidential Material, verbally or in writing, at the time of inspection;

c. By stating orally on the record during the course of a deposition upon oral examination pursuant to subpoena under Fed. R. Civ. P. 45, or pursuant to agreement, that any portion of the deposition testimony is Confidential and that the indicated portion of the transcript is to be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as the case may be, or by notifying counsel for the Discovering Party in writing within thirty (30) days after receipt by counsel for the deponent or witness the portions of such deposition to be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"; and

d. By identifying in writing to the Discovering Party any previously provided or previously transcribed Discovery Material that was not designated as Confidential Material prior to its having been provided (in the case of documents) or to its having been transcribed (in

4

the case of depositions). Upon such writing, the Discovering Party shall treat the information as Confidential Material. If, prior to receiving such notice, the Discovering Party has disseminated the Confidential Material to Persons not authorized to receive it pursuant to this Protective Order, the Discovering Party shall (1) notify the Persons to whom the Confidential Material was disclosed of the confidentiality designation, in writing and with a copy to KATZEN, and (2) include in the same writing a request for return of the Confidential Material.

8. KATZEN may designate any summary, digest, analysis, or comment on any information identified in Paragraphs (a) through (d) of paragraph 7 as Confidential Material.

9. The Parties may agree in writing to modify the foregoing designation procedures where compliance with them proves impracticable or unduly burdensome.

10. All Confidential Material shall be kept secure by the Discovering Party and access to Confidential Material shall be limited to Perennial and Persons authorized pursuant to this Protective Order.

11. Except with the prior written consent of KATZEN, Discovery Material designated as Confidential Material and information derived therefrom, other than material designated as "Highly Confidential-Attorneys' Eyes Only," may be disclosed only to:

    a. this Court in Cincinnati, after complying with the terms of Paragraph 16 below, if applicable;

    b. the Discovering Party's outside counsel of record (including support staff as reasonably necessary);

    c. the individual Discovering Party's officers or employees charged with the responsibility for making business decisions dealing directly with the case in Nebraska or who

are directly assisting the Discovering Party's outside counsel in preparation for proceedings in the case in Nebraska, provided that any such individuals have read this Protective Order and signed an Affidavit of Compliance in the form attached as Exhibit A, and submitted to the jurisdiction of the Court in this Action in Cincinnati;

d. outside experts and outside consultants who are not regular employees of the Discovering Party and who are retained by the Discovering Party or its counsel, such as independent experts, accountants, statisticians, economists, and other consultants, whose advice and consultation are being or will be used by such Party or its counsel in connection with the case in Nebraska; provided, however, that (i) before access is given, the consultant or expert has completed the Affidavit of Compliance in the form attached as Exhibit A, such expert has been identified to KATZEN in writing at least 14 days prior to any disclosure of information, and KATZEN has not objected to the disclosure. If KATZEN objects, no disclosure shall be made without further order of this Court in Cincinnati. KATZEN shall not disclose information regarding the identity of any such experts or consultants to anyone, including E3;

e. the Discovering Party's insurers, including their counsel, who have agreed to provide coverage with respect to the defense of claims in the case in Nebraska, and have first signed the Affidavit of Compliance in the form attached as Exhibit A;

f. paralegals, stenographic, video graphic, clerical employees, and translators associated with the individuals enumerated in (a) - (e) above, but only as part of a disclosure to said individuals in accordance with this Protective Order and after they have signed the Affidavit of Compliance in the form attached as Exhibit A;

g. such other individuals as KATZEN and the Discovering Party may mutually authorize

in writing;

h. counsel for Biothane with whom the Discovering Party has entered into a written Joint Defense Agreement to defend or prosecute in the Nebraska action and Biothane's officers or employees charged with the responsibility for making business decisions dealing directly with the case in Nebraska or who are directly assisting Biothane's outside counsel in preparation for proceedings in the case in Nebraska, provided that any such individuals have read this Protective Order and signed an Affidavit of Compliance in the form attached as Exhibit A, and submitted to the jurisdiction of the Court in this Action in Cincinnati;

i. actual or potential deponents or witnesses in the Nebraska action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or hearing testimony in the Nebraska action, or to the extent necessary to determine whether they are proper deponents or witnesses in the Nebraska action, provided that any such individuals have read this Protective Order and signed an Affidavit of Compliance in the form attached as Exhibit A, and submitted to the jurisdiction of the Court in this Action in Cincinnati;

j. the Nebraska court and its personnel in that action; and

k. any mediator retained to mediate and/or settle the claims in the Nebraska lawsuit.

12. Confidential Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced pursuant to this Order may be disclosed or made available only as provided in this paragraph. Such "Highly Confidential – Attorneys' Eyes Only" material and information derived therefrom may be disclosed only to:

a. this Court in Cincinnati, after complying with the terms of Paragraph 16 below, if applicable;

7

b. the Discovering Party's outside counsel of record (including support staff as reasonably necessary);

c. outside experts and outside consultants who are not regular employees of the Discovering Party and who are retained by the Discovering Party or its counsel, such as independent experts, accountants, statisticians, economists, and other consultants, whose advice and consultation are being or will be used by such Party or its counsel in connection with the case in Nebraska; provided, however, that (i) before access is given, the consultant or expert has completed the Affidavit of Compliance in the form attached as Exhibit A, such expert has been identified to KATZEN in writing at least 14 days prior to any disclosure of information, and KATZEN has not objected to the disclosure. If KATZEN objects, no disclosure shall be made without further order of this Court in Cincinnati. KATZEN shall not disclose information regarding the identity of any such experts or consultants to anyone, including E3;

d. paralegals, stenographic, videographic, clerical employees, and translators associated with the individuals enumerated in (a) - (c) above, but only as part of a disclosure to said individuals in accordance with this Protective Order and after they have signed the Affidavit of Compliance in the form attached as Exhibit A;

e. such other individuals as KATZEN and the Discovering Party may mutually authorize in writing;

f. counsel for Biothane with whom the Discovering Party has entered into a written Joint Defense Agreement to defend or prosecute in the Nebraska action (including support staff as reasonably necessary), provided that any such individuals have read this Protective Order and signed an Affidavit of Compliance in the form attached as Exhibit A, and submitted to the

8

jurisdiction of the Court in this Action in Cincinnati; and

       g. the Nebraska court and its personnel in that action.

13. Before the Discovering Party may disclose Confidential Material to any Person described in subparagraphs 11(c), 11(d), 11(e), 11(f), 11(g), 11(h), 11(i) and 12(c), 12(d), or 12(f), the Person to whom disclosure is to be made shall read a copy of this Protective Order, and shall evidence his or her agreement to be bound by its terms, conditions, and restrictions by signing a copy of the Affidavit in the form attached as Exhibit A hereto.

14. Counsel for the Discovering Party who disclosed Confidential Material to any Person and in connection therewith obtained an Affidavit of Compliance as required by this Protective Order shall maintain a file of such Affidavits, and shall promptly provide a copy of each such Affidavit to KATZEN. KATZEN shall not disclose information regarding the identity of any such Person to anyone, including E3.

15. If any Person intends to file any pleading, motion, or other document with the Court in Cincinnati or Nebraska that includes or appends Confidential Material (a "Filing Person"), then the Filing Person must comply with the following:

       a. not less than seven (7) business days before the filing in question, the Filing Person shall notify KATZEN in writing that it will be filed and identify the Confidential Material that will be included in that filing. If KATZEN objects to the filing, the filing shall not be made without further Order of this Court in Cincinnati; and

       b. "Confidential" and "Highly Confidential - Attorneys Eyes Only" documents may not be disclosed except to this Court in Cincinnati in camera for purposes of deciding any motion regarding confidentiality. Thereafter, this Court's Order will govern disclosure.

For the avoidance of doubt, nothing in this Order shall serve as an independent basis for any Person to file any item under seal.

16. If Perennial intends to utilize at a hearing or trial, or deposition, any Confidential Material, then it must notify KATZEN at least seven (7) days prior to the hearing or trial of an intent to use the Confidential Material and identify the Confidential Material intended to be used. If KATZEN objects to the use or filing, the use or filing shall not be made without further Order of this Court in Cincinnati.

17. The following procedures shall govern any challenges to confidentiality designations:

a. If the Discovering Party reasonably believes that information should not be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," it must specify to KATZEN in writing (i) the information at issue and (ii) the grounds for questioning the designation. KATZEN must respond in writing within fourteen (14) days, or within such additional time agreed to by counselor as ordered by the Court.

b. If agreement cannot be reached, the Party challenging the confidentiality designation may make a motion or other appropriate application to the Court in Cincinnati to lift the designation. A Party shall not be obligated to challenge the propriety of a designation of "Confidential" or "Highly Confidential - Attorneys' Eyes Only" at the time the designation is made, and failure to do so shall not preclude subsequent challenge. Until the Court makes a final ruling, the confidentiality designation shall remain in effect. This Protective Order is without prejudice to the right of KATZEN to move this Court in Cincinnati for an Order further restricting disclosure or use of any Confidential Material.

18. Within sixty (60) days of the final termination of the case in Nebraska, all Confidential

10

Material, including all copies thereof and copies provided to other Persons or entities pursuant to

this Protective Order, any summaries of Confidential Material, and any document generated

through the use of or containing references to Confidential Material (including but not limited to

expert reports, drafts, spreadsheets, and e-mails) shall be destroyed or returned to KATZEN, at

the option of KATZEN. The Party or Person destroying or returning the Confidential Material

shall provide (within the same 60 day period) written certification, signed under oath, to

KATZEN confirming that all Confidential Material required to be returned or destroyed under

this paragraph have been so returned or destroyed. Notwithstanding the foregoing, the

Discovering Party's outside counsel and Biothane's counsel may retain one copy of any

pleadings, written discovery responses, briefs, transcripts, declarations, correspondence, and

other materials containing Confidential Material, as well as their work product and any privileged

communications related to Confidential Material, but only as may be necessary to comply with

ethical requirements, and such Confidential Material shall continue to be subject to this

Protective Order.

19. Nothing in this Protective Order shall require production of information that KATZEN

contends is protected from disclosure by the attorney-client privilege, the work product doctrine,

or any other privilege, doctrine, right or immunity. If information subject to a claim of

attorney-client privilege, work product doctrine, or any other privilege, doctrine, right or

immunity is nevertheless inadvertently or unintentionally produced, such production shall in no

way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege,

doctrine, right or immunity. If KATZEN inadvertently produces materials protected by the

attorney-client privilege, work product doctrine, or other privilege, doctrine, right or immunity, it

11

may obtain the return of those materials by promptly notifying the Discovering Party or other recipient(s). The Discovering Party or other recipient(s) shall then gather and return all copies of the privileged material to KATZEN. Nothing in this Protective Order shall preclude the Discovering Party returning the inadvertently or unintentionally produced materials from seeking an order compelling the production of information previously produced inadvertently or unintentionally.

20. Inadvertent or unintentional production by KATZEN of Confidential Materials containing confidential information that are not designated "Confidential" and/or "Highly Confidential-Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to inadvertently produced Confidential Material, KATZEN shall notify the Discovering Party of the inadvertent or unintentional production in writing and provide replacement pages bearing the appropriate confidentiality legend. KATZEN shall promptly notify the Discovering Party of the inadvertent or unintentional production and disclosure by the Discovering Party to unauthorized persons before being notified of the inadvertent or unintentional production shall not constitute a violation of this Protective Order.

21. In the event of any unintentional or inadvertent disclosure by Perennial or other Person of Confidential Material other than in a manner authorized by this Protective Order, counsel for Perennial shall immediately notify counsel for KATZEN of the unintentional or inadvertent disclosure, and all of the pertinent facts surrounding the disclosure, and shall make every effort to prevent further unauthorized disclosure including, but not limited to, retrieving all copies of the unintentionally or inadvertently disclosed Confidential Material from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate or use the Confidential

12

Material in any form. Compliance with the foregoing shall not prevent KATZEN from seeking further relief from the Court.

22. The Discovering Party shall maintain Confidential Material in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material, but in no event less than reasonable care. Each recipient of any Confidential Material agrees to be subject to the jurisdiction of this Court in Cincinnati for the purposes related to the implementation and enforcement of this Protective Order.

23. This Court will retain jurisdiction to enforce the terms of this Protective Order. Any litigation with respect to this Protective Order shall be conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Ohio, Western Division. This Order is subject to modification by this Court in Cincinnati.

24. If at any time any Confidential Material protected by this Protective Order is subpoenaed or requested in discovery proceedings from the Discovering Party by any Court, administrative or legislative body, or is otherwise requested by any other Person purporting to have authority to require the production of such Confidential Material (such subpoena or discovery request collectively referred to as a "Third Party Request"), the Party or Person to whom the subpoena or other discovery or request is directed will (1) not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to KATZEN, no more than three business days after receiving the Third Party Request; (2) promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all of the

13

material covered by the Third Party Request is subject to this Protective Order; and (3) promptly

deliver a copy of this Protective Order to the party in the other action that caused the Third Party

Request to issue.

**IT IS SO ORDERED.**


Date: _7/18/13_

_Karen L. Litkovitz_
Karen L. Litkovitz, Magistrate Judge
United States District Court

14

<u>Attachment A</u>

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | : | Case No. 1:12-mc-76 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | |
| v. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| BIOTHANE CORPORATION, and | : | |
| PERENNIAL ENERGY, INC., | : | |
| | : | |
| Defendants. | : | |

## AFFIDAVIT OF COMPLIANCE

I,_____, being duly sworn, state that:

My residence address is _____.

My current employer is _____.

My business address is _____.

My business telephone is _____.

My email address is _____.

My current occupation is _____.

I have received a copy of the Protective Order in this action, a copy of which is attached

hereto.

I carefully have read and understand the provisions of the Protective Order. I will

comply with all of the provisions of the Protective Order. I will hold in confidence, will not

disclose to anyone not qualified under the Protective Order, and will use only for purposes set forth in the Protective Order any Confidential Material that is disclosed to me.

Promptly upon termination of the case in Nebraska, I will return all Confidential Material that came into my possession and all documents or things that I have prepared relating thereto, to counsel for Perennial.

I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, in Cincinnati for all purposes related to enforcement of the Protective Order.

_____
(Signature)

Subscribed and sworn to before me on this _____ day of_____, 2013.

_____
Notary Public