UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

E$^3$ BIOFUELS, LLC,
    Plaintiff,

v.

BIOTHANE CORPORATION and
PERENNIAL ENERGY, INC.,
    Defendants.

Case No. 1:12-mc-76

Spiegel, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following a telephonic discovery conference held on September 27, 2013, regarding information subpoenaed by petitioner Perennial Energy, Inc. (PEI) from non-party Katzen International, Inc. (Katzen). This matter is also before the Court on PEI's related motion to compel (Doc. 43) and supplemental motion to compel (Doc. 44) and Katzen's response in opposition and motion to quash. (Docs. 46, 47).

The parties seek Court intervention to resolve a dispute regarding the production of documents and electronic information pursuant to the Court's order of July 3, 2013. (Doc. 38). Of primary concern is the date by which Katzen must produce documents responsive to PEI's subpoena and PEI's duty to compensate counsel for Katzen and Phillip Madson, Katzen's president, for time they will spend reviewing said documents for confidentiality and privilege purposes. As stated during the conference, the Court finds as follows:

First, based on the representations of the parties with regard to the documents to be reviewed, Mr. Madson and Katzen's counsel should be able to complete their review within two days. There are approximately 3,500 pages of documents to review, after three of the larger documents are accounted for, which is a much smaller universe than the original 6,781 pages of documents at issue. Two days should be sufficient for reviewing these documents for the sole

purpose of determining if they are protected from disclosure by the work product doctrine or the attorney client privilege, or because they contain confidential trade secrets; to code the documents accordingly; and to produce them to PEI. To the extent unforeseen circumstances necessitate a review of longer than two days, counsel for Katzen shall contact the Court to schedule an informal telephonic conference to discuss the reasonableness of an extension of time for the review and compensation for such extended review.

Second, as of the time of the conference, PEI had not yet tendered hard copies of the documents to be reviewed to Mr. Madson or Katzen's counsel. Upon receipt of the documents from PEI, Katzen shall have two weeks by which to perform its two-day review.

Third, the parties are at an impasse as to a reasonable hourly rate to compensate Mr. Madson and Katzen's counsel for their two-day review. Katzen seeks compensation of $450/hour for Mr. Madson based upon his calculations of his minimum hourly financial worth in earnings to Katzen. PEI objects to this rate and claims Mr. Madson is entitled to only $250/hour, a figure which reflects the hourly rate Mr. Madson charged as an expert in separate litigation. Counsel for Katzen seeks hourly compensation equal to what Katzen is charged for legal work; PEI again asserts that $250/hour is a reasonable rate for Katzen's counsel's fee. Neither party has submitted any evidence as to the reasonableness of the requested or offered hourly rates -- information which is necessary for determining the rate to which Mr. Madson and counsel are entitled. Thus, in order to determine the reasonableness of the requested rates, Katzen shall provide documentation, in addition to affidavit evidence, of both the calculations used to arrive at Mr. Madson's requested $450 hourly rate and the fees charged to Katzen by counsel. Katzen may provide this information to the court via email but is instructed to ensure that a copy of all documents be provided to counsel for PEI. Katzen shall provide these documents on or before

**October 4, 2013**. To the extent PEI seeks to respond, its response shall be submitted on or before **October 11, 2013**.

Fourth, Katzen's request for a retainer from PEI in advance of the document review by Mr. Madson and Katzen's counsel is denied. The undersigned is assured that PEI will comply with all future Court orders regarding compensation owed to Mr. Madson and counsel for Katzen.

Fifth, Katzen shall submit to PEI an invoice for the time spent by its information technology specialist working to search Katzen's computer systems for documents responsive to PEI's subpoena. Katzen may provide this information to the court via email but is instructed to ensure that a copy of all documents be provided to counsel for PEI.

Lastly, PEI has issued a subpoena to Mr. Madson for a second deposition based upon him being named by plaintiffs in the related Nebraska litigation as an unretained expert.[1] To the extent Katzen objects to the subpoena, Katzen is directed to file a formal motion to quash with the Court.

In view of the above rulings, PEI's motion to compel (Doc. 43) and supplemental motion to compel (Doc. 44) and Katzen's motion to quash (Doc. 47) are denied as moot.

**IT IS SO ORDERED.**

Date: 9/27/13

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The details regarding the Nebraska litigation, *E3 Biofuels, LLC v. Biothane, LLC and Perennial Energy, Inc.*, No. 8:11-cv-44 (D. Neb. 2011), may be found in this Court's July 18, 2013 Order (Doc. 41) and will not be reiterated here.

3